IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

GMC Real Estate, LLC,

    *Plaintiff,*

v.                                    CIVIL ACTION NO.: 2:21-cv-00151

AmGUARD Insurance Company

    *Defendants.*

## COMPLAINT

1. The plaintiff, GMC Real Estate, LLC (hereinafter referred to as "GMC") is a West Virginia company authorized to conduct business in the State of West Virginia.

2. Upon information and belief, the Defendant, AmGUARD Insurance Company (hereinafter referred to as "AmGUARD") is a Pennsylvania corporation, and at all times relevant to this Complaint was authorized to and did conduct business in the State of West Virginia. AmGUARD Insurance Company is a wholly owned subsidiary of WestGUARD Insurance Company, which is a wholly owned subsidiary of National Indemnity Company, which is a wholly owned subsidiary of Berkshire Hathaway, Inc.

3. Venue is proper in the Southern District of West Virginia because the contract was formed in Kanawha County, West Virginia, the breach or violation of the duty occurred in Kanawha County West Virginia, and the manifestation of the breach-substantial damage occurred in Kanawha County, West Virginia.

4. Jurisdiction is proper in the Southern District of West Virginia as the contract was to be performed in Kanawha County, West Virginia, there is diversity of citizenship among

the parties as well as an amount in controversy of over $75,000.00, as contemplated by 28 U.S.C 1332.

5. GMC owns a warehouse building (hereinafter referred to as "Building 001") at 1401 Charles Ave, Dunbar, WV 25064 which is insured by AmGuard Insurance Company.

6. That on or about June 29, 2019 criminals caused damage to the roof of Building 001 including but not limited to destroying approximately seven condensers, causing tears and holes in roof, and other damages.

7. GMC promptly filed a police report and a claim with AmGUARD, claim number GMBP018172-001-001-001.

8. Building 001 was covered by AmGUARD policy GMBP018172.

9. AmGUARD acknowledged the claim by GMC and assigned various different adjusters to the claim, including but not limited to Jeff Thompson, Jason Camanero, Taylor Seigert, Akeem Faraha Ali, Alas Farouhk and Chelsea Jenkins.

10. Nevertheless, despite all of GMC's efforts and compliance over the last year and a half, AmGUARD has continuously failed to pay the claim.

11. GMC has sent several emails and left several voicemail messages with AmGUARD adjusters, most recently Chelsea Jenkins, however the emails have received no response and calls have not been returned.

12. Despite repeated attempts at communication by GMC, AmGuard has failed to communicate with GMC representatives since at least on or about November of 2020.

13. As a result, despite GMC's extensive attempts to mitigate the damage to Building 001, the condition of the building continues to deteriorate because of inadequate heating and cooling as well as water incursion through the roof.

14. Had AmGUARD paid the claim in a timely manner repairs could have been performed and GMC would have been made whole long ago.

15. That AmGuard's repeated shuffling of adjusters, repeated failures to settle the claim, repeated failures to respond to correspondences from GMC, despite AmGuard knowing the claim to be proper, was willful, wanton, reckless, and indicative of actual malice.

16. That AmGuard's repeated shuffling of adjusters, repeated failures to settle the claim and repeated failures to respond to correspondences from GMC, despite AmGuard knowing GMC's claim was proper, establishes a pattern and practice of AmGuard's blatant disregard of its civil obligations towards its insured.

## COUNT I

## BREACH OF CONTRACT

17. The plaintiff repeats and incorporates here by reference the allegations contained in paragraphs 1 through 16 of this Complaint as if set forth verbatim herein.

18. AmGUARD policy GMBP018172 states that "in return for your payment of premium, and subject to all terms of this policy, we agree to provide you with insurance as stated in this policy."

19. Once GMC submitted its proof of loss to AmGUARD, the defendant had a duty to conduct a prompt and reasonable investigation based upon all information available.

20. Because the incident was and has been clear, and the damages arising from the incident were and have been clear, AmGUARD is liable for the coverage available to GMC under AmGUARD policy GMBP018172.

21. AmGUARD has failed to abide by the terms of AmGUARD policy GMBP018172 by failing to provide coverage for the losses sustained by GMC to Building 001.

22. Once the Plaintiff submitted its claim, which was acknowledged by AmGUARD, AmGUARD had a duty to communicate with GMC as to the coverage available under the policy.

23. AmGUARD has failed to abide by the terms AmGUARD policy GMBP018172 by failing to communicate with its insureds and failing to settle the proper claim.

24. Due to the fact that the defendant failed to abide by the basic terms of its contract, i.e. provide compensation for damages to Building 001 and communicate with its insureds, in violation of W.Va. Code § 33-6-1, *et seq* and the requirements imposed by the Office of the West Virginia Insurance Commissioner, the defendants have breached their contract with the plaintiff as set forth within the insurance policy.

## COUNT II

## COMMON-LAW "BAD FAITH"

25. The plaintiff repeats and incorporates here by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if set forth verbatim herein.

26. Through its actions described herein and its refusal to fully pay the Plaintiff's claims, the defendants breached their common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common law bad faith," as recognized in the case of *Hayseeds v. State Farm Fire and Cas.Co.*, 177 W.Va. 323, 352 S.E.2d 73 (1986).

27. Through its actions described herein and its refusal to communicate with GMC, the defendants breached their common-law duty of good faith and fair dealing to the Plaintiff, such that its conduct amounts to "common law bad faith," as recognized in the case of *Hayseeds*

*v. State Farm Fire and Cas.Co.,* 177 W.Va. 323, 352 S.E.2d 73 (1986).

28. As a direct and proximate result of the defendants' "bad faith" and its breach of its common law duty of good faith and fair dealing, the Plaintiff is entitled to recover from the defendants for the economic and non-economic damages, including, *inter alia,* attorneys fees and costs, permitted under *Hayseeds.*

29. The defendants' deliberate, malicious, and intentional acts toward the Plaintiff have proximately caused continuing economic and non-economic damages to the Plaintiff, all of which warrant and command an award of punitive damages, as permitted under *Hayseeds.*

## COUNT III

## UNFAIR TRADE PRACTICES

30. The plaintiff repeats and incorporates here by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if set forth verbatim herein.

31. Defendant has violated the West Virginia Unfair Trade Practices act by, inter alia, "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies" as set forth in W.Va. Code § 33-11-4(9)(b) by continuously failing to respond to communications made by GMC.

32. Defendant has violated the West Virginia Unfair Trade Practices act by, inter alia, "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" as set forth in W.Va. Code § 33-11-4(9)(f) by continuously failing to compensate GMC for its claims made regarding the damages suffered to Building 001.

33. As a direct and proximate result of the defendants' violations of W.Va. Code § 33-11-4, the Plaintiff has not been compensated for the damage caused by vagrants, has incurred extensive costs in attempts to mitigate damage to the building, been deprived of the use of Building 001 as defined in the insurance policy, and has sustained other economic and non-economic damages, as well as the costs incurred in pursuing this action, attorneys fees, annoyance and inconvenience, and other general damages.

34. Through their actions in failing to compensate GMC, the defendants have acted maliciously, willfully, and intentionally, predetermined to delay and/or refuse proper and full payment, in violation of W.Va. Code § 33-11-4.

35. At all times relevant hereto, the defendants acted with the deliberate, willful and malicious intent to damage the Plaintiff, in violation of West Virginia law, all of which proximately caused and is continuing to cause economic and non-economic damages to the Plaintiff and which warrants and commands an award of punitive damages.

36. Under the legal precedent established in *Jenkins v. JC Penney Cas. Ins. Co.* 280 S.E.2d 252 (W.Va. 1981), and *Dodrill v. Nationwide Mut. Ins. Co.,* 491 S.E.2d 1 (W.Va. 1997), this Court has jurisdiction over this private cause of action for the unfair trade practices of the defendants, and the Plaintiff is entitled to an award of damages for legal fees and costs, net economic losses, annoyance and inconvenience, general damages, punitive damages, and all other remedies available pursuant to said cause of action.

**WHEREFORE,** the Plaintiff demands the following relief:

    a) An award of compensatory damages against the defendants, in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial in

connection with the contractual sums due the Plaintiff under the AmGUARD Insurance Company Policy, plus the attorneys fees, costs, net economic losses, consequential damages, and general damages the Plaintiff sustained as a result of AmGUARD Insurance Company's breach of its insurance contract;

b) An award of compensatory damages against the defendants pursuant to Hayseeds, including damages for the Plaintiffs annoyance and inconvenience, attorney fees, and net economic loss;

c) An award of punitive damages pursuant to Hayseeds, due to the defendant's actual malice in the handling of the Plaintiff's claims;

d) An award of compensatory and punitive damages against the defendants in connection with AmGUARD Insurance Company's common law bad faith, its breach of its covenant of good faith and fair dealing to the Plaintiff, and its actual malice;

e) An award of compensatory and punitive damages against the defendants for its violations of the Unfair Trade Practices Act as a business practice;

f) An award of pre-judgment and post-judgment interest, and the attorney's fees and costs incurred in pursuing this action; and

g) An award of such additional damages as the Court and/or the jury deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

          **GMC REAL ESTATE, LLC**
          **By Counsel**

/s/ Michael D. Payne
Michael D. Payne (WVSB # 8839)
Redman & Payne, PLLC
205 Capitol St., Ste 400
Charleston, WV 25302
(304) 342-6800