IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

GMC REAL ESTATE, LLC,

     Plaintiff / Counterclaim Defendant,

v.                                                                    CIVIL ACTION NO. 2:21-cv-00151
                                                                     JUDGE GOODWIN

AmGUARD INSURANCE COMPANY,

     Defendant / Counterclaimant.

# Memorandum of Law in Support of Defendant's Motion *in Limine* to Preclude Plaintiff from Submitting Evidence for Extra-Contractual Damages

Defendant, AmGUARD Insurance Company ("AmGUARD"), by counsel, respectfully submits this Memorandum of Law in support of its Motion *in Limine* to preclude Plaintiff, GMC Real Estate LLC ("GMC Real Estate"), from submitting any evidence that GMC Real Estate incurred extra-contractual damages, specifically damages for net economic loss or annoyance and inconvenience, under either *Hayseeds v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986), or the West Virginia Unfair Trade Practices Act ("UTPA"). As set forth below, for coverage to exist, this Court must reform the Policy due to a mutual mistake.[1] If this Court reforms the Policy, as a matter of law, AmGUARD could not materially breach the Policy, commit common law bad faith or violate the UTPA. Without a material breach of the Policy, GMC Real Estate cannot substantially prevail or show a general business practice of unfairly settling claims to allow GMC

---

[1] As set forth in AmGUARD's Motion for Declaratory Judgment and Motion for Summary Judgment, AmGUARD contests reformation of the Policy as the mistake occurred unilaterally by GMC Real Estate or its independent insurance agent, Danielle Ellis, when Ms. Ellis tendered the wrong address as the insured property for purposes of soliciting an insurance quote from AmGUARD. [EM/CF Nos. 70-71, 74-75, 79, 83.] AmGUARD files this Motion as an alternative in the event this Court reforms the Policy as requested by GMC Real Estate.

Real Estate to present evidence for extra-contractual damages.  For this reason, this Court should grant AmGUARD's Motion.

## Statement of Facts / Procedural History

This civil action involves a dispute over coverage for a loss that GMC Real Estate incurred at its warehouse located at 1401 Charles Avenue, Dunbar, West Virginia ("Charles Avenue Property").  Prior to the loss, GMC Real Estate, through its independent insurance agent, the Ellis Insurance Agency, obtained a commercial business policy with AmGUARD, Policy No. GMBP018172 ("Policy").  [*See*, Policy Declarations, attached hereto as Ex. 1.]  The Policy insured a different building than the Charles Avenue Property and, instead, insured 1401 Dunbar Avenue, Dunbar, West Virginia ("Dunbar Avenue Property").  [*See*, Insurance Application, attached hereto as Ex. 2.]  This coverage issue led AmGUARD, on December 23, 2022, to file its Counterclaim for Declaratory Judgment.[2]  [EM/CF No. 64.]

On April 7, 2023, AmGUARD moved for declaratory judgment that it owed no coverage obligations under the Policy.  [EM/CF Nos. 70-71.]  In response, GMC Real Estate resisted and requested reformation of the Policy based on a mutual mistake.  [EM/CF No. 78 at pp. 5-8.]  For the reasons below, GMC Real Estate's invocation of the equitable remedy of reformation, if successful, precludes GMC Real Estate from pursuing extra-contractual damages against AmGUARD under either *Hayseeds* or the UTPA.

## Argument

Under West Virginia law, "[r]eformation is appropriate only where there is a mutual mistake."  *See W. Va. Mut. Ins. Co. v. Vargas*, 933 F. Supp. 2d 847, 860 (N.D. W. Va. 2013)

---

[2] AmGUARD detailed its coverage positions in both its Motion for Declaratory Judgment and Motion for Summary Judgment, which AmGUARD expressly incorporates as a matter of law.

(quoting *Ohio Farmers Ins. Co. v. Video Bank, Inc.*, 488 S.E.2d 39, 44 (W. Va. 1997)). "A mutual mistake is one which is common to all parties, wherein each labors under the same misconception respecting a material fact or provision within the contract." *See Ryan v. Ryan*, 640 S.E.2d 64, 68 (W. Va. 2006). While West Virginia has not yet determined the impact of reformation on extra-contractual claims, courts considering the issue routinely preclude recovery for "bad faith" claims and breach of contract when coverage depended entirely on reformation of the Policy.

In *Brennan v. Farmers Alliance Mutual Insurance Company*, the Colorado Court of Appeals considered a challenge to the trial court from plaintiffs dismissing their claims for breach of contract and bad faith after the trial court reformed the insurance policy to afford plaintiffs additional coverage after an accident. 961 P.2d 559 (Colo. Ct. App. 1998). Specifically, an automobile struck a pedestrian. *Id.* at 552. At the time of the accident, the driver had insurance with Farmers, and the insurance included additional personal injury protection ("PIP") benefits. *Id.* Notwithstanding, a question existed whether the extra PIP benefits under the Policy extended coverage to injured pedestrians. *Id.*

In reviewing the Policy, the trial court agreed that the Policy's plain language failed to afford additional PIP benefits for a pedestrian struck by the insured. *Id.* at 553-54. Notwithstanding, this exclusion violated Colorado's No Fault Act and led the trial court to reform the Policy to extend coverage. *Id.* at 554. In reforming the policy, however, the trial court dismissed the breach of contract and bad faith claims. In affirming the dismissal of these claims after reformation, the Colorado Court of Appeals correctly observed that

> until he policy was judicially reformed to conform to the trial court's interpretation of the statute, Farmers [insurer] had no obligations to pay additional benefits to plaintiffs.
>
> The remedy of reformation is an equitable one . . . . [I]n fashioning its equitable remedy, the trial court ascertained that Farmers should not necessarily have anticipated that it would be obligated to pay

such benefits and rules, therefore, the Farmers' contractual obligation to pay additional PIP benefits to Joshua Brennan [plaintiff] did not arise until the insurance policy was judicially reformed.

. . . .

Accordingly, the trial court correctly determined that, prior to its judicial reformation, Farmers did not breach the insurance contract by failing to pay the additional PIP benefits.

*Id.* at 556 (internal citations omitted).

The Tenth Circuit Court of Appeals applied similar reasoning in *May v. Travelers Property Casualty Company of America*, 263 F. App'x 673 (10th Cir. 2008). In *May*, an insured sustained injuries while a passenger and requested PIP benefits under the policy with Travelers. *Id.* at 675-76. The policy lacked additional PIP benefits, and Travelers only provided the minimum PIP coverage for the insured. On summary judgment, the district court reformed the policy, finding that Travelers failed to communicate an offer of additional PIP benefits as required under the No Fault Act. *Id.* at 677. Critically, the district court reformed the policy as to the date of its judgment. *Id.* at 678. Because Travelers paid the additional PIP benefits soon after reformation, the district court found no breach of contract or bad faith occurred. *Id.* at 679. In affirming, the Tenth Circuit noted:

when reformation of an insurance policy occurs, as it did here, "the effective date of reformation is an equitable decision to be determined by the trial court *based on the particular circumstances of each case*. Thus, even if the district court determines reformation is appropriate, an insurer's denial does not necessarily require reformation back to the date of the policy, as Mrs. May contends. This is, in part, because Colorado law recognizes insurers have a duty to their policy holders and shareholders not to pay claims that are not within the policy's coverage so that "an insurer may challenge claims which are fairly debatable."

*Id.* at 681-82 (emphasis in original) (internal citations omitted). The same reasoning utilized in *May* and *Brennan* applies here.

4

The Policy fails to cover the loss at the Charles Avenue Property. [Ex. 1.] The Insurance Application and materials submitted by GMC Real Estate through its independent insurance agent Ms. Ellis provided the Dunbar Avenue Property as the insured premises. [Ex. 2.] Nevertheless, and assuming *arguendo* that this Court reforms the Policy, reformation must occur as of the date of the reformation. If effective as of the date of reformation, no claims exist for breach of contract, common law bad faith or UTPA. As noted *in Mays* and *Brennan*, those claims require a material breach to occur to proceed. Because reformation, if awarded, precludes a finding of material breach of the Policy, GMC Real Estate should be precluded from presenting any extra-contractual damages evidence under *Hayseeds* or the UTPA.

## Conclusion

The Policy fails to cover GMC Real Estate's loss at the Charles Avenue Property. Coverage can only be afforded through the equitable remedy of reformation. While AmGUARD objects to this remedy, if ultimately awarded, reformation of the Policy must bar GMC Real Estate's claims for breach of contract, common law bad faith and violations of the UTPA and limit recovery to the claim and not any damages incurred extra-contractually.

AMGUARD INSURANCE COMPANY

By Counsel,

/s/ Patrick C. Timony
Joshua A. Lanham (WVSB # 13218)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia  25325-1386
(304) 347-1100
ptimony@bowlesrice.com
jlanham@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GMC REAL ESTATE, LLC,

       Plaintiff,

v.                                       CIVIL ACTION NO. 2:21-cv-00151
                                       JUDGE GOODWIN

AmGUARD INSURANCE COMPANY,

       Defendant.

## **CERTIFICATE OF SERVICE**

I, Patrick C. Timony, do hereby certify that on this **28th day of June 2023,** I filed the

foregoing ***Memorandum of Law in Support of Defendants' Motion in Limine to Preclude***

***Plaintiff from Submitting Evidence of Extra-Contractual Damages*** the Court's CM/ECF system,

which will send notification of such filing to the following CM/ECF participant:

Michael D. Payne, Esquire
Redman & Payne, PLLC
205 Capitol Street, Suite 400
Charleston, West Virginia  25302
*Counsel for Plaintiff*

Daniel J. Twilla, Esquire
BURNS WHITE LLC
Burns White Center
48 26th Street
Pittsburgh, Pennsylvania  15222
*Co-Counsel for AmGUARD Insurance Company*

/s/ Patrick C. Timony
Patrick C. Timony (WVSB #11717)

15825986.1