IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GMC REAL ESTATE, LLC,

          Plaintiff,

v.                                                CIVIL ACTION NO. 2:21-cv-00151

AMGUARD INSURANCE COMPANY,

          Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant AmGUARD Insurance Company's Motion to Trifurcate, or, in the Alternative, Motion to Bifurcate. [ECF No. 113]. For the reasons explained below, the motion is **GRANTED in part** and **DENIED in part**.

I. Background

This case involves a property insurance coverage dispute between Plaintiff GMC Real Estate, LLC ("GMC") and Defendant AmGUARD Insurance Company ("AmGUARD"). The matter is currently scheduled for trial on August 15, 2023, at 8:30 a.m. [ECF No. 61, at 1].

On August 2, 2023, AmGUARD filed the instant Motion to Trifurcate, or, in the Alternative, Motion to Bifurcate the upcoming trial. [ECF No. 113]. In its motion, AmGUARD requests that the court enter an order "trifurcating the trial into three separate, but consecutive, phases." *Id.* at 1. During the first phase, the parties would

present evidence "concerning whether a contract exists between [GMC] and AmGUARD." *Id.* If the jury determines a contract exists, "then the parties would immediately begin presentation of evidence and testimony concerning whether AmGUARD breached its contract with GMC" during the second phase of the trial. *Id.* Finally, if the jury determines that AmGUARD breached the contract, then the third phase would involve a presentation of evidence "concerning whether AmGUARD committed common law bad faith or violated the [Unfair Trade Practices Act ('UTPA')]." *Id.* at 2. Alternatively, AmGUARD requests that the court "bifurcate the trial into two separate, but consecutive, phases," wherein the jury considers whether a contract exists during the first phase and then the issues of breach and bad faith during the second phase. *Id.*

In response, GMC states that bifurcating the elements of its breach of contract claim (i.e., separating formation and breach) is unnecessary and unfairly prejudicial. [ECF No. 121, at 2]. GMC contends that the entire breach of contract claim must be presented to the jury in one phase but is not opposed to "bifurcating the breach of contract cause of action from the 'bad faith' cause of action." *Id.* at 2–4.

## II. Legal Standard

Federal Rule of Civil Procedure 42(b) governs bifurcation or trifurcation of trials. Under this Rule, "the court may order a separate trial of one or more separate issues[] [or] claims" "[f]or convenience, to avoid prejudice, or to expedite and

2

economize." Fed. R. Civ. P. 42(b). When ordering separate trials, "the court must preserve any federal right to a jury trial." *Id.*

"[T]he granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). To determine whether bifurcation or trifurcation is appropriate, the court "must perform a two-step analysis: first, [the court] must determine whether separate trials would either avoid prejudice or promote judicial economy; and second, [the court] must determine whether bifurcation would unfairly prejudice the non-moving party." *Deitz v. Patton*, No. 2:15-cv-08257, 2017 WL 82477, at *1 (S.D. W. Va. Jan. 9, 2017).

### III. Discussion

In its Complaint, GMC asserts three claims against AmGUARD: Breach of Contract (Count I), Common Law Bad Faith (Count II), and Unfair Trade Practices (Count III). [ECF No. 1]. In the instant motion, AmGUARD seeks to bifurcate the breach of contract claim, and depending on the jury's verdict on that claim, AmGUARD requests a third phase of trial addressing common law bad faith and violations of the UTPA. [ECF No. 113, at 1–2]. In the alternative, AmGUARD asks the court to order separate trials on the issues of whether a contract exists that provides coverage for the disputed property and whether AmGUARD breached the contract and committed common law and statutory bad faith. *Id.* at 2.

"In West Virginia, the elements of breach of contract are (1) a contract exists between the parties; (2) a defendant failed to comply with a term in the contract; and

(3) damage arose from the breach." *Wittenberg v. Wells Fargo Bank, N.A.*, 852 F. Supp. 2d 731, 749 (N.D. W. Va. 2012). A claim for breach of contract, consisting of all three elements, is generally presented to a jury in one phase at trial, and AmGUARD provides no convincing reason as to why the court should depart from its usual practice. The court is unpersuaded that AmGUARD will be prejudiced by GMC presenting its claim in a single phase[1] and finds it inefficient to bifurcate the elements of a simple breach of contract claim in this case. GMC's breach of contract claim shall therefore proceed in one phase at trial.

On the other hand, district courts often sever claims for coverage under an insurance policy from claims for bad faith on the part of the insurer, because a plaintiff generally[2] cannot prevail on the bad faith claims without first succeeding on

---

[1] AmGUARD argues that failing to bifurcate the issues of formation and breach will cause it prejudice because GMC "intends to confuse the issues presented to the jury so that the jury considers both evidence of whose mistake . . . led to [the] incorrect address being on the insurance policy . . . with evidence of AmGUARD's handling of [GMC's] subsequent insurance claim." [ECF No. 126, at 3].

As the court explained in its Order denying the parties' motions for summary judgment, the issue of formation in this case, in large part, turns on who caused the incorrect address to be included on the insurance application—AmGUARD's agent, Ms. Danielle Ellis, or GMC. [ECF No. 110, at 7–8]. The source of the mistake and whether AmGUARD breached the parties' contract are two distinct questions. The first question asks which property did the parties seek to insure, while the second question considers whether AmGUARD failed to perform its obligations after the contract's formation. The evidence necessary to prove each of these issues should have minimal overlap, and the court is confident that Plaintiff's counsel would not intentionally confuse the jury by suggesting that proof of one issue is conclusive of the other.

[2] "While a *Hayseeds* common law bad faith claim requires the plaintiff to have substantially prevailed in the underlying insurance dispute, a . . . statutory-based claim is not dependent upon a positive disposition of the underlying insurance claim." *Dow v. Liberty Ins. Co.*, No. 3:19-0486, 2022 WL 17421055, at *3 (S.D. W. Va. Dec. 1, 2022) (citing *Jordache Enters., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 513 S.E.2d 692, 712 (W. Va. 1998)). A statutory-based claim, instead, "predicates entitlement to relief solely upon violation of the [UTPA], . . . where such violation arises from a 'general business practice' on the part of the insurer." Syl. Pt. 9, *McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 509 (W. Va. 1996). In other words, a UTPA claim may succeed even where the insurer did not breach its contract if it otherwise engaged in an unfair business practice. In this case, however, GMC's UTPA claim still depends, at least in part, on the resolution of the underlying dispute, because the UTPA does not apply if no insurance contract exists.

the coverage issue. *See Arch Specialty Ins. Co. v. Go-Mart, Inc.*, No. 2:08–0285, 2009 WL 2244772, at *3 (S.D. W. Va. July 24, 2009) (explaining that bifurcating the bad faith and UTPA claims from the coverage claims "would promote judicial economy because resolution of [those] claims turns on whether the court finds that [the insurer] violated the terms of one of the insurance policies"); *see also Ramaco Res., LLC v. Fed. Ins. Co.*, No. 22-1459, 2023 WL 4629604, at *2 (4th Cir. July 20, 2023) (stating that the district court bifurcated the trial into two phases, wherein phase one "established liability and damages under the policy" and phase two "addressed *Hayseeds* damages"). In this case, the court concludes that it would promote judicial economy and would not prejudice GMC to bifurcate the bad faith claims from the breach of contract claim. Therefore, depending on the outcome of phase one of the trial, phase two of the trial shall address whether AmGUARD committed common law bad faith and/or violated the UTPA.

## IV. Conclusion

For the foregoing reasons, AmGUARD's Motion to Trifurcate, or, in the Alternative, Motion to Bifurcate [ECF No. 113] is **GRANTED in part** and **DENIED in part**. The trial will be bifurcated into two phases. The first phase of the trial will address the breach of contract claim, including formation, breach of contractual terms, and resulting damages. The second phase, if needed, will address GMC's common law and statutory bad faith claims.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 10, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE